UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00256-01 |
|  | CIVIL ACTION NO. 20-00949 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ERIC CHARLES MEANS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Petitioner Eric Charles Means' ("Means") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 40). Means seeks to have his sentence vacated on the grounds of ineffective assistance of counsel. For the reasons discussed herein, Means' Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 27, 2018, a federal grand jury filed charges against Means in a three-count indictment. See Record Document 1. On February 19, 2019, pursuant to a written plea agreement, the defendant pleaded guilty to two of the counts. He pleaded guilty to possession with intent to distribute methamphetamine and possession of firearms in furtherance of a drug-trafficking crime. See Record Documents 22, 24.

On July 25, 2019, the Court sentenced him to 262 months' imprisonment as to Count One, 60 months' imprisonment as to Count Two, and five years of supervised release as to Counts One and Two. See Record Documents 26 and 27. Means appealed his sentence. See Record Document 30. On April 3, 2020, the Fifth Circuit Court of Appeals affirmed his sentence. See Record Document 39. On July 27, 2020, Means filed the instant Section 2255 Motion. See Record Document 40. The Government filed a response. See Record Document 43.

## LAW AND ANALYSIS

I.     **Legal Standards**

**A. Motions to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. § 2255**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

> miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

### B. Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these

allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

## II.    Analysis

### A. Promises Made off the Record

Means alleges that his attorney "did not keep promises that were made off the record about sentencing. [My] [a]ttorney guaranteed me that I would not get the career offender enhancement. He promised me he would get 30% of my sentence taken off and he promised he would get 60 months off my drug conviction [sic] to offset the sentence on the firearm charge." Record Document 40 at 7. However, he presents no supporting facts, and his claim fails because Means cannot show deficient performance or prejudice. See Strickland, 466 U.S. at 687-88.

Ordinarily, a defendant "will not be heard to refute [his] testimony given at a plea hearing while under oath." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985)). The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." Cervantes, 132 F.3d at 1110 (citing Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. See id. When the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the

record," however, the Court may dispense with his allegations without an evidentiary hearing. Id.

Means was advised both through the plea agreement and by the Court in person that by pleading guilty, he was subjecting himself to the maximum punishment for each count to which he plead guilty. See Record Document 24 at 2; Record Document 46 at 20-21, 28. He was also advised through the plea documents and during his guilty plea hearing that his sentence would be imposed after the Court's consideration of the sentencing guidelines, and that "the failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be the basis for setting aside the guilty plea" and he stated in open court that he understood that "it's [the Court's] responsibility" to sentence him, nobody else's. Record Document 24 at 4; Record Document 35 at 26. He was told that his attorney would explain where he thinks he may fall within the sentencing guidelines based on his experience, but his attorney did not have the authority to sentence him. See Record Document 35 at 27. He swore in open court that no promise had been made to him to get him to plead guilty, and that he understood he should not depend on any promise made to him, including by counsel, about what sentence he would receive as only the Court could determine his sentence under the sentencing guidelines. See id. at 26.

Here, Means has not provided evidence of specifically where and when counsel made any promise that allegedly caused him to plead guilty or identified an eyewitness to such promise. He also has failed to provide independent indicia of the merit of an alleged promise. Regardless of what counsel told him about his likely sentence and applicable enhancements, Means cannot show prejudice under Strickland because his

plea documents and responses under oath to the Court's questioning show that he was clearly informed about and understood his maximum sentence exposure when he pled guilty under the plea agreement.

"Solemn declarations in open court carry a strong presumption of verity." United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986); see also, Davis v. Butler, 825 F.2d 892 (5th Cir. 1987). The record before the Court reflects that defendant denied any promises had been made to him and that he did not inform the Court at his sentencing that he had been promised a reduction in his sentence. The Court finds that the defendant has failed to carry his heavy burden of establishing that a promise of a lenient sentence was made to him. Further, considering the above evidence and in the absence of an affidavit from another person supporting defendant's allegations of a promise, he is not entitled to an evidentiary hearing on the issue. U.S. v. Fuller, 769 F.2d 1095 (5th Cir. 1985).

### B. Failure to File for Rehearing or Writ of Certiorari

Means also alleges a violation of his due process rights in that his counsel did not "fulfill his duty" to file a writ of certiorari to the United States Supreme Court and ineffective assistance of counsel because his attorney withdrew from the case before filing for rehearing on the appeal after he promised that 60 months would be reduced from his sentence. Record Document 40 at 5. Means' counsel properly withdrew from the matter on April 10, 2019, and advised Means of the time limits for filing for rehearing and certiorari. See Record Document 38 at 1; see also Record Document 43-1 at 1-6.

As to the Writ of Certiorari, the appointment of counsel on discretionary appeal is not mandated even for indigent defendants. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437,

41 L.Ed.2d 341 (1974) (holding that the states, like the federal government, have no obligation to provide counsel for defendants who are seeking a writ of certiorari from the Supreme Court); Clark v. Johnson, 227 F.3d 273 (5th Cir.2000) (holding that a defendant's rights are not violated where they are not appointed counsel for a discretionary appeal to the Supreme Court of the United States). Further, counsel's failure to seek a writ of certiorari from the Supreme Court even where instructed is not sufficient to establish that a conviction is constitutionally infirm. United States v. Lauga, 762 F.2d 1288 (5th Cir.1985); see also Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [writ of certiorari to the Florida Supreme Court] timely").

The Supreme Court has never held that a defendant has a constitutional right to counsel when seeking discretionary review. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Clark v. Johnson, 227 F.3d 273, 283 (5th Cir. 2000). And, the constitutional right to counsel does not extend to the filing of a motion for rehearing. Moore v. Cockrell, 313 F.3d 880, 882 (5th Cir. 2002); see also Ahumada v. United States, 994 F.3d 958, 960–61 (8th Cir. 2021) (collecting cases). A defendant cannot be deprived of the constitutional right to counsel where it does not exist in the first place. Wainwright v. Torna, 455 U.S. 586, 587–88 (1982); United States v. Lauga, 762 F.2d 1288, 1291 (5th Cir. 1985). Neither the failure to file a petition for certiorari nor the failure to seek rehearing gives rise to a constitutional claim. See Clark, 227 F.3d at 283 & n.5. Therefore, Means' claims are without merit and counsel's failure to file does not satisfy either prong of the Strickland test.

## CONCLUSION

Means is unable to demonstrate both necessary elements of the Strickland test for establishing an ineffective assistance of counsel claim on either of his arguments. Therefore, Means' Section 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 22nd day of March, 2024.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT